Re: JOSEPH MICHAEL FINOCCHIO

CASE # 2:22-CV-01604-KJM-KJN-P

"Motion to proceed on an Amended Petition"

and

"Amended Petition"

FILED

FEB 09 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

RECEIVED

FEB 09 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ pl _____ DEPUTY CLERK

②

## "Motion"

Petitioner is requesting this
court to Allow him to proceed on
AN AMENDED petition raising only
the exhausted claims in state
court for this court to review


## "STATEMENT of FACTS"

Appelant Joseph M. Finocchio here
After "petitioner" WAS convicted
by A jury of Attempted murder, it
found that petitioner did Not
premeditate the crime, it Also
found All the gun use Allegations
to be teve. This petitioner WAS
subsequently sentenced to A total
term of 29 years.

The victim JAMES MasoN wAs
"UNAVAilAble" at the trial, at the time
he WAS WANTED for multiple felony warrants.
The trial court Ruled prosecution had
excercised reasonable diligence to find
"Mr. Mason" over trial counsels

multiple objections, "Hearsay" statements
were Allowed to be read by 2 police
officers, and Mr. MASONS preliminary
hearing testimony was allowed to be
read by A lawyer from the District
Attorneys office.

There was 2 preliminary hearings,
Mr. Mason testified At the first preliminary
hearing only. Mr. Mason was in custody
At the time he testified for felony evading
Arrest, disregard of an officer, And receipt
of A stolen vehicle. (RT8-pg 426) He ANSWERED
"I DONT REMEMBER" to virtually All of
the questions posed. (RT6-pg 151-153)
He testified the only detail About this
shooting he claimed to remember was leaving
the hospital. (RT6-pg 158) Mr. Mason was
Asked if he was intentionally saying he
did Not remember things that he did
actually remember (RT6-pg 154) he replied
"NO" "I really DONT remember". (RT6-pg 155)
Mr. MASON testified that he had been shot
more than ONCE, including on one occassion
when he shot himself in the foot. (RT6-pg 152)
Mr Mason testified he is AN Alcoholic,

and methamphetamine addict. (RT7-pg 274)
Mr. Mason testified he and petitioner
had "exchanged a couple of bodyshots"
and words 2 weeks earlier.

Detective Sampson testified Mr. Mason
gave a statement at the hospital, "He did
not see who shot him, but was 90% sure
it was petitioner". When pressed further he
admitted "I don't know if he's the one
who shot me" cause he "Did not see a
gun or exactly who shot him."

There was a .22 caliber gun
found in the dog food bag of the
home of the family of a Jesse Devore,
the location of the shooting. There was
no physical evidence linking petitioner
to the crime. There was no gun
powder residue found on petitioner,
and no finger prints linking
petitioner to the gun.

Jesse Devore testified petitioner had supposedly told him a number of weeks earlier he would kill Mr. Mason if he saw him with petitioners a stranged girlfriend Ms. Ottinger (RT6-pg163) Mr. Devore also testified "He is a gun enthusiast" and that this Mr. Mason had recently stole an AR-15 style rifle from Mr. Devore's House, that Mr. Devore had personally built Himself. (RT6-pg 178) Mr. Devore's house was also the location of the shooting. The petitioner argued the state should be investigating Mr. Devore as the shooter, as he testified Mr. Mason had recently burglarized his home and the fact he enthusiasticly detailed his arsenal of weapons.

The trial Court found Mr. Mason was unavailable and that his testimony was necessary to the prosecutions case. (RT3-pg68) The prosecution offered Det. Sampson "Hearsay" statements and the preliminary hearing transcript, petitioner renewed his 6th Amendment

(6)

objection which the trial court overruled. The trial court then made a finding that Mr. Mason previously "feigned lack of memory" and allowed his prior inconsistent statements and the "hearsay" statements of Det. Sampson to be admitted. (RT6- pg 198) Petitioner reiterated his 6th Amendment objection to the hearsay statements of both officer Bellamy and Det. Sampson. (RT6-pg 198) Here the court knew in advance Mr. Mason had made inconsistent statements and refused to cooperate at the preliminary hearing. It should have excluded 3rd party reciting of his preliminary hearing statements and all "hearsay" testimony. Petitioner was convicted entirely on the basis of hearsay and testimony he could not cross-examine.

⑦

# Claim #1

Petitioners right to cross-examine the witness in this matter before the jury violated his 6th and 14th Amendment guarantee's

" The right of confrontation is An essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal. Indeed .... to deprive an accused of the right to cross-examine the witness against him is a denial of the 14th Amendments guarantee of due process of law.

Alvarado v. Superior Court (2000) 23 cal 4th 1121, 1137
Pointer v. Texas (1965) 380 U.S. 400, 405

" In Almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine Adverse witnesses." Where the evidence consists of the testimony of individuals whose memory might be faulty, or who in fact might be perjurers or persons motivated by

malice, vindictivness, intolerance, prejudice
or jealousy, the right of an individual
to show that it is untrue depends
on the rights of confrontation and
cross-examination.

The Supreme court has been zealous
to protect these rights from erosion. It
has spoken out not only in criminal
cases, ..... but also in all types of
cases where Administrative Actions
were under scrutiny. This confrontation
right seeks to ensure the defendent
is able to conduct a personal examination
And cross-examination of the witness
in which (the Defendent) has an
opportunity ..... of testing the recollection
And sifting the conscience of the
witness. (People v. Cromer)(2001) 24 cal. 4th 889,896,897

"Prejudice ensues from a denial
of the opportunity to place the
witness in his proper setting and
put the weight of his testimony aww
credibility to a test, without which

the jury cannot faiely Appraise them."

As set forth Above, Mr. MASON
Appeared at one of the preliminary
hearings, He was offered an opportunity
to Admit or deny his statements
to officer Bellamy AND DET. SAMPSON,
He neither admitted Nor denied
his interviews. He said that he
had No recollection of either interview.

During the trial the court
found Mr. MASON was uNAUAilable and
concluded that Mr. Mason had "testified"
via the preliminary hearing and by way
of his supposed "hearsay" statements to
officers SAMpson and Bellamy while
he was At the hospital. This Decision
was An error and prejudiced this
petitioner from having A fair trial

Petitioner was unable to test
the credibility, Knowledge or recollection
of Mr. MASON when he did Not
Appear for trial And essentially

refused to testify At a preliminary
hearing. Petitioners trial Attorney
had told the court he would not
Ask Any questions on cross-examination
at the preliminary hearing for 2
reasons; First, Mr. Mason made it
clear that he was not going to
Answer Any questions About the
Shooting; Secondly since Mr. Mason
did not say anything About the
Shooting, there was Nothing to
cross-examine. The preliminary hearing
transcript will show, Mr. Mason did
Not provide Any information About
the Shooter whatsoever.

   "Live testimony compels a witness
to stand Face to Face with the jury"
so it "May look At him, and judge
by his demeanor upon the stand
And the manner in which he gives
his testimony whether he is worthy
of belief" Mattox v. United States (1895)
156 U.S. 237, 242-243

(11)

Mr. Mason was a multi-convicted
felon, self proclaimed member of
the "Aryan Brotherhood", Homeless and
a heavy Drug user. If Mr. Mason
had refused to testify in front
of a jury, or if he testified "he
did not remember" and "Did not see
who the shooter was" it would at
least have allowed the jury to
see what he looked like and gain
some opinion of his credibility from
his appearance and body language.
His hearsay statements and his
pre liminary, Hearing refusal to testify were
read into the record by a lawyer
from the D.A.'s office. This lawyer
in his suit and demeanor made
a very presentable and respectable
witness in contrast to Mr. Mason's
street persona. (RT6-pg160) When
you include the fact that 2 officers
were allowed to testify to "hearsay"
about the shooting, without having
witnessed the incident, gave the
impression that there was a
substantial amount of detailed

evidence about the shooting, but there was <u>no</u> "evidence" linking this petitioner to the shooting except the inconsistent and unsure statements supposedly made by Mr. Mason. Here the court knew in advance that Mr. Mason had refused to cooperate and it should have excluded any 3rd party "Hearsay" testimony.

This petitioner was deprived of his constitutional right to confrontation and was thus prejudiced to his right to a faie trial. The entire prosecutions case was based upon inadmissable "hearsay" from James Mason, they had no physical evidence or any witnesses that said this petitioner shot Mr. Mason. The District Attorney dressed in suit reading non-Affidavit "hearsay" statements was prejudicial beyond a reasonable doubt. ~~not~~ Proof at a criminal trial is proof beyond a reasonable doubt, not by 'Hearsay' testimony of a "non witness" District Attorney.

(13)

Accordingly petitioner respectfully
requests this court to reverse
this conviction because his
constitutional right to confrontation
And cross-examination At trial
Was violated. Furthermore, this
petitioner requests that this case
be remanded with instructions to
exclude the hearsay statements from
Mr. Mason in ANy re-trial.

Respectfully
Josep L M. Finocchio

(14)

# Proof of Service

I, Joseph M. Finocchio, declare! I
am at least 18 years of age, and
a party to the attached here in
cause of action. My Mailing Address
is

Joseph M. Finocchio  BM 5496
Pleasant Valley State Prison
A4-127ᴸ
P.O. Box 8500
Coalinga, CA 93210

On 2-5-2023 I delivered to
prison officials at the above address
at Pleasant Valley State Prison the
following Documents for Mail on U.S.P.S.

1) Motion to proceed on Amended Petition
2) Amended Petition

In a sealed envelope with postage
fully pre-paid Addressed to

1) Attorney General's Office - DOJ
   455 Golden Gate Ave suite 11000
   San Francisco, CA 94102-7004

2) U.S. District Court Eastern District of California
2500 Tulare st suite 1501
Fresno , CA   93721

I Declare under penalty of
perjury that the forgoing is
true and correct.

Executed on this 5th day of
February, 2023 at Coalinga , CA

Joseph Finocchio
Petitioner   in pro per